UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NISVET MUHAREMOVIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17 CV 2361 CDP |
| | ) | |
| CLIENT SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

Plaintiff Nisvet Muharemovic received two letters from defendant Client Services, Inc., informing him that it was attempting to collect a debt owed by him to Capital One Bank. Muharemovic claims that the letters failed to accurately state the amount of debt, made false and deceptive representations, and included threats of litigation, all in violation of the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §§ 1692, *et seq.* While the factual allegations of Muharemovic's amended complaint are sufficient to state a claim that Client Services falsely represented the amount of debt and made other deceptive representations, they fail to state a claim that Client Services threatened legal or other action it did not intend to take. Nor are the complaint's allegations sufficient to state a claim that Client Services' conduct served to harass, oppress, or abuse Muharemovic. I will therefore grant in part and deny in part Client Services' motion to dismiss.

# Background[1]

In a letter dated December 5, 2016, Client Services informed Muharemovic that it was attempting to collect a debt owed by him to Capital One in the amount of $1102.26. Muharemovic believed that he did not owe the stated amount because it exceeded his credit limit with Capital One. The letter advised Muharemovic:

> If we are unable to arrange repayment, Capital One will send your account to an attorney in your state for possible legal action. Please note, no decision has been made to take legal action against you at this time. If a lawsuit is filed, you'll have the opportunity at any court hearing to raise applicable defenses or property exemptions. I want to help you avoid any possible legal action. Please call . . . for more information.

(ECF #9-1, First Amd. Compl., Exh. 1.) In his amended complaint, Muharemovic claims that this letter failed to accurately state the amount of his debt, improperly threatened legal action, falsely represented his legal options, and made representations regarding Capital One without authority.

Client Services sent a second letter to Muharemovic, dated February 6, 2017, again stating the balance due to be $1102.26, but offering to settle the account for $835. The letter further advised: "Settling your account will prevent it from being reviewed by a law firm for potential legal action. Please note, no decision has been made to sue you." (ECF #9-2, First Amd. Compl., Exh. 2.)

---

[1] The facts set out here are those alleged in the amended complaint, which I must assume are true for purposes of the motion to dismiss.

Muharemovic claims that this letter misrepresented the amount of debt and improperly threatened legal action, with such threatened action constituting unlawful harassment. Muharemovic also claims that Client Services again acted without authority by falsely representing the action it could take on the account.

Muharemovic claims that with these letters, Client Services violated the FDCPA by:

> 1) engaging in conduct, the natural consequence of which was to harass, oppress, or abuse plaintiff, in violation of 15 U.S.C. § 1692d;
>
> 2) deceptively failing to accurately state the amount of the debt, in violation of 15 U.S.C. §§ 1692e, 1692g;
>
> 3) using false, deceptive, or misleading representations or means in connection with the debt collection, in violation of 15 U.S.C. § 1692e, e(10);
>
> 4) communicating a false impression, amount, and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A); and
>
> 5) communicating a threat that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5).

Client Services moves to dismiss the amended complaint in its entirety under Fed. R. Civ. P. 12(b)(6), arguing that the complaint's factual allegations are insufficient to state a claim under the FDCPA.

**Legal Standard**

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, I must assume the factual

allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989).

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court clarified that Rule 8(a)(2) requires complaints to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555; *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). Specifically, to survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Twombly,* 550 U.S. at 570. The factual allegations must be sufficient to "'raise a right to relief above the speculative level.'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). The issue in determining a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

## Discussion

Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, and debt collectors are strictly liable for failure to comply with

any of its provisions. *Richmond v. Higgins,* 435 F.3d 825, 828 (8th Cir. 2006); *Istre v. Miramed Revenue Grp., LLC*, No. 4:14CV1380 DDN, 2014 WL 4988201, at *2 (E.D. Mo. Octo. 7, 2014). Given its purpose, the FDCPA is to be construed liberally to protect consumers. *Istre*, 2014 WL 4988201, at *2.

I must apply an "unsophisticated-consumer" standard when analyzing FDCPA claims. *Duffy v. Landberg,* 215 F.3d 871, 873 (8th Cir. 2000). This standard is "designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder." *Id.* at 874 (internal quotation marks and citation omitted). The unsophisticated-consumer standard therefore "protects the uninformed or naive consumer" but also includes "an objective element of reasonableness," which ensures that debt collectors remain free "from liability for peculiar interpretations of collection letters." *Strand v. Diversified Collection Serv., Inc.,* 380 F.3d 316, 317-18 (8th Cir. 2004).

In this action, Muharemovic claims that Client Services violated various of the FDCPA's provisions in its attempt to collect a debt. Client Services argues that none of Muharemovic's allegations state a claim under the FDCPA. I will address each alleged violation in turn.

1. <u>15 U.S.C. §§ 1692e(2)(A), 1692g(a)(1)</u>

Section 1692e prohibits a debt collector's use of false, deceptive, or

misleading representations or means in connection with the collection of any debt. Violations of § 1692e can take many forms and include making a "false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Under the FDCPA notice provision, a debt collector's notice of debt to the consumer must contain the amount of the debt. 15 U.S.C. § 1692g(a)(1).

Muharemovic claims that Client Services' letters failed to accurately state the amount of debt he owed to Capital One, given that the amount stated in the letters exceed his credit limit with Capital One. Client Services contends that this bare factual allegation, with no statement of the credit limit or of the amount Muharemovic claims he owes, fails to state a claim that the account balance stated in the letters was inaccurate. Client Services further contends that, even so, Muharemovic fails to take into account that additional interest, late fees, or a discretionary extension of credit could cause his balance to exceed his credit limit.

As an initial matter, I note that Client Services' first letter to Muharemovic shows a balance due of $1102.26 with "0.00" in interest or other charges.[2] Whether the "0.00" in interest or other charges refers to interest or late fees charged by Capital One on the underlying principal, or to interest or other fees added later by Client Services is unclear. Regardless, whether the amount stated in the letters includes interest or other charges to account for Muharemovic's claim

---

[2] The second letter states the amount owed as $1102.26 but does not include any statement of interest or other charges.

that the amount exceeds his credit limit – or rather was a false representation of the amount owed – is an issue of fact that cannot be determined on a motion to dismiss.

Muharemovic's failure to state with specificity the amount of his credit limit or the amount he believes is owed on the account does not defeat his claim. His allegation that Client Services' notice communicated a false representation of the amount of debt is sufficient to state a claim for relief under §§ 1692e(2)(A) and 1692g(a)(1) that is plausible on its face. I will therefore deny Client Services' motion to dismiss as to this claim.

2. <u>15 U.S.C. § 1692e(5) and (10)</u>

Section 1692e(5) prohibits a debt collector from threatening to take any action that cannot be legally taken or that is not intended to be taken. Section 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt.

Muharemovic claims that Client Services falsely threatened litigation without authority and with no intention to follow through on this threat in an effort to intimidate him into paying the alleged debt. Muharemovic points to language in the letters that states that Capital One "will send the account to an attorney" if the debt is not paid and that payment of the settlement amount "will prevent [the account] from being reviewed by a law firm for potential legal action."

Muharemovic further claims that the first letter's statement regarding his possible legal defenses is false and misleading because Client Services could not know what rules would apply or in which jurisdiction. Finally, Muharemovic claims that Client Services did not have the authority to take certain action on the account, whether by making recommendations to Capital One or by referring it to a law firm.

Language of a debt-collection letter cannot be viewed in isolation. Instead, the letter must be viewed as a whole to determine if it violates the FDCPA. *Adams v. J.C. Christensen & Assocs., Inc.*, 777 F. Supp. 2d 1193, 1196 (D. Minn. 2011). While Muharemovic points to specific language in the letters purporting to threaten litigation, a reading of the letters *in toto* shows them to contain no actionable threat. "[L]etters that do not *explicitly* threaten[] that legal action will be taken do not violate the FDCPA." *Id.* at 1197 (collecting cases) (internal quotation marks and citations omitted) (emphasis in *Adams*). Here, Client Services' letters state that failure to make arrangements for repayment or for settlement would result in the account being sent to an attorney or law firm to review for "possible" or "potential" legal action. "The mere fact that an account might be forwarded to an attorney does not mean that litigation will inevitably follow." *Id.* A statement of "possible" or "potential" action is a statement that something is capable of occurring in the future and must be distinguished from a statement that something

is certain to occur. *McCafferty v. Schwartzkopf Law Office*, No. 4:10-CV-1401RWS, 2011 WL 529967, at *5 (E.D. Mo. Feb. 8, 2011). Further, both letters clearly inform Muharemovic that "no decision has been made" to take legal action. By merely informing a consumer that legal action is possible if payment is not remitted, a debt collector does not violate § 1692e(5). *Id.; see also Sherry v. Global Credit & Collection Corp.*, No. 8:10CV406, 2011 WL 13177236, at *3 (D. Neb. Mar. 22, 2011) (letter's statement that litigation may be brought if matter not resolved and that creditor has not yet decided whether to file suit "is not a threat at all."). Muharemovic has thus failed to state a claim under § 1692e(5), and that claim will be dismissed.

With respect to the alleged violations of § 1692e(10), Muharemovic contends that Client Services' representation that Capital One would refer his account for possible legal action was false and deceptive because Client Services does not have authority to speak on behalf of Capital One. Muharemovic further contends that Client Services' statement about his possible legal defenses was false and misleading given that Client Services would not know in which jurisdiction any potential action would be brought and thus could not speak to the rules applicable to that jurisdiction. While Client Services acknowledges these allegations in its motion to dismiss, it appears to bootstrap them into its argument regarding Muharemovic's § 1692e(5) claim and does not challenge them

specifically. I disagree that these claims are so inextricably related to Muharemovic's § 1692e(5) claim that they should be dismissed with that claim.

Standing alone, Muharemovic's allegations sufficiently state a claim of deceptive practice under § 1692e(10). The letters to Muharemovic do not identify the relationship between Capital One and Client Services – only that the account was "placed . . . for collections." The extent to which a debt collector may act on a debt and/or represent a creditor's interest depends upon the nature of the assignment. *See Moss v. Barton*, No. 4:13-CV-2535 RLW, 2016 WL 1441146, at *4 (E.D. Mo. Apr. 8, 2016). If the debt collector acts outside that authority, as alleged by Muharemovic here, it can be liable under the FDCPA for deceptive practices. *Id.* In addition, listing limited legal options for the debtor in the event of litigation – *i.e.*, raising "applicable defenses or property exemptions" at a court hearing – could reasonably lead an unsophisticated debtor to believe that those are his only options or that he would be in over his head if he were not to remit payment on the debt. *Cf. Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 939 (9th Cir. 2007) (individual debtors do not possess the sophistication and legal wherewithal as attorneys do) (cited in *Powers v. Credit Mgmt. Servs., Inc.*, 776 F.3d 567, 574 (8th Cir. 2015)). I find this to sufficiently state a claim of deceptive means in an attempt to collect a debt. I will therefore not dismiss Muharemovic's § 1692e(10) claims.

3. <u>15 U.S.C. § 1692d</u>

Section 1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." A non-exhaustive list of conduct prohibited by § 1692d includes using or threatening to use "violence or other criminal means to harm the physical person, reputation, or property of any person"; using "obscene or profane language or language the natural consequence of which is to abuse the hearer or reader"; publishing a list of consumers who allegedly refuse to pay debts (with limited exceptions); advertising for sale any debt in order to coerce payment of the debt; "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously"; and/or placing "telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d(1)-(6).

Muharemovic does not claim that Client Services engaged in any of the specific conduct proscribed in § 1692d(1)-(6) but alleges only that Client Services' threat to send his account to a law firm amounted to harassment and intimidation. As discussed above, however, this conduct does not rise to the level of an actionable threat. Because Muharemovic failed to state a claim of threatening conduct under § 1692e(5), he has failed to state a claim of harassment based on that conduct. *See Lake v. Consumer Adjustment Co., Inc.,* No. 4:15-CV-01495-

JCH, 2015 WL 8770719, at *4 (E.D. Mo. Dec. 14, 2015).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Client Services, Inc.'s Motion to Dismiss [11] is granted in part and denied in part.

**IT IS FURTHER ORDERED** that plaintiff Nisvet Muharemovic's claims under 15 U.S.C. §§ 1692e(5) and 1692d are hereby dismissed with prejudice.

Defendant shall answer the remaining claims of plaintiff's first amended complaint within the time prescribed by the Rules. The case will be set for a Rule 16 scheduling conference by separate Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of December, 2017.